UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON J. KRON | CIVIL ACTION |
| VERSUS | NO: 09-7572 |
| ROBERT C. TANNER, WARDEN | SECTION: R |

**ORDER**

Before the Court are Jason Kron's Petition for a Writ of Habeas Corpus[1] and his objections[2] to the Magistrate Judge's Report and Recommendation that the petition be denied with prejudice.[3] The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."[4] A court may only issue a certificate of

---

[1] R. Doc. 3.

[2] R. Doc. 15.

[3] R. Doc. 14.

[4] RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a).

appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[5]  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"[6]  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[7]

Here, Kron has not made a substantial showing of the denial of a constitutional right.  The Magistrate Judge's Report and Recommendation clearly and correctly disposes of each of Kron's claims.  Kron claims the trial court erred in accepting his guilty plea because it was not knowing and voluntary.  First, Kron contends that his plea was not voluntary because he did not

---

[5] 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).

[6] 537 U.S. 322, 336 (2003).

[7] *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

understand the proceedings.  Given Kron's age, education, prior experience with the criminal justice system and the fact that his rights were reviewed several times and each time defendant stated he understood his rights, Kron has failed to show he was pressured to plead guilty because he did not understand the proceedings.  Kron also contends he was pressured to plead guilty because his attorney was not acting in his best interest, but has made no showing to overcome the fact that his attorney acquired an extremely favorable plea bargain for him. Third, Kron claims he was pressured to plead guilty because he was threatened with a longer sentence if he did not but the Magistrate correctly noted that "an otherwise valid plea of guilty if not rendered involuntary merely because it was entered to limit the possible maximum penalty to less than that authorized by law for the crime charged."  Fourthly, Kron claims his plea was involuntary because he believed he had not choice but to plead guilty due to his attorneys' deficient representation.  While Kron made numerous complaints throughout the plea colloquy, not once did he complain about his attorneys and it is inconceivable he would have hesitated to do so.

Kron claims ineffective assistance of counsel, but the state court's denial of this claim was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States."[8]  As the Magistrate Judge sets out, petitioner's claim fails on both the deficient performance and prejudice prong.  Kron has failed to meet his burden in establishing deficient performance by showing factual support for such a claim and pointing to evidence in the record to demonstrate that further investigation would in fact have revealed additional information beneficial to the defense.  Kron claims his attorney's investigation was inadequate in that his attorney failed to obtain a surveillance tape.  Kron, however, has failed to establish that such a videotape even existed, must less that it would have exonerated him.  Similarly, Kron alleges counsel failed to interview exculpatory witnesses.  Again, Kron failed to provide any supporting evidence, such as affidavits from the potential witnesses, showing that those individuals would have testified at trial and that their testimony would have been favorable to the defense.  Kron also contends his attorneys were ineffective in failing to have the cocaine and drug paraphernalia tested but fails to be make the required showing that scientific tests would have yielded any results favorable to him.  Fourth, Kron asserts that his attorneys were ineffective for failing to file motions for discovery and motions to suppress, but once again failed to show that any beneficial evidence would have been revealed through

---

[8] *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

discovery or that any evidence should have been suppressed.

Nor has Kron demonstrate he was prejudiced by any deficiencies in his counsels' performance. Kron has failed to show a "reasoanbaly probability that, but for counsel's errors, he would have pleaded guilty and would have insisted on going to trial." Kron repeatedly refused offers to proceed to trial and insisted he wanted to accept the plea. In light of the fact that Kron risked a life sentence if he went to trial and yet was guaranteed a sentence of only eight years if he pleaded guilty, the Court is unconvinced Kron would have declined the plea bargain if defense counsel had performed more effectively.

Kron's contentions therefore do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists. Accordingly,

Jason Kron's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __30th__ day of August, 2010.

_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**